case number 18-3067 United States of America v. Eric Scurry also known as E appellant. Ms. Davis for the appellant, Mr. Lenners for the appellee. Good morning may please the court I'm Mary Davis and I represent the appellant Eric Scurry um this case uh comes out about as a result of Mr. Scurry's uh motion pursuant to 2028 USC 2255 in which he argued his guilty plea was not knowing involuntary because the um evidence that was suppressed and Scurry won uh was evidence that induced his plea. The district court denied that motion finding that uh Mr. Scurry must have been a target of the wiretap and that he was not a this circuit has not held whether targets of electronic surveillance have standing as an agreed person. The issue was raised in Glover but since it was raised in the context of ineffective systems of counsel and because this court acknowledged that there's a split in the circuits the issue was not decided because counsel could not be found ineffective uh for not raising something that was not uh clearly the law at the time. Appellant submits that this case uh presents the issue in such a light that makes it right for review that is whether someone who was named as a target uh is an agreed person and as a result thereof the uh he the any evidence that was suppressed could not be used against him in any proceeding. Suppose you're right about that there's still a substantial body of case law suggesting that a defendant need not know all the particulars about which evidence will or won't come in against the defendant at trial in order for the plea to be knowing. What do you do with all of those cases? Well I think in um well Henderson v Morgan uh states the plea may be involuntary because the defendant does not understand the nature of the constitutional protections he is waiving. In this case Mr. Scurry waived Mr. Scurry waived um his right to go into trial based on the uh representations by the by the government that uh he was going to be tried uh for the conspiracy and that the conspiracy was um the drugs that were that were sold um as by all the other co-defendants against whom the government dismissed their cases. So I think that this is somewhat distinguishable from the situations where a defendant may not know what's coming in a defendant I never knows what's going to come in at trial but when something which and this just seems seems a little bit like that your theory is that the plea wasn't knowing because the defendant couldn't have predicted how a suppression motion would have turned out and therefore whether the evidence would have come in or not. Well that is that is true but um how is it different we have um just on on one side of the line what you do need to know are the nature of the charge that's fine the constitutional protections you get if you go to trial right not to testify to confront witnesses all of that that's fine all of the process that comes from criminal rule 11 and we have a case we have cases saying that's almost always going to be it's not enough just to have the defendant misunderstand the quality of the state's case misunderstand the admissibility of evidence specifically a coerced confession not have access to impeachment evidence and this feels a lot more like that latter line of cases. But the this court and supreme court has held that um that a defendant uh must have noticed that it's sufficient to give them an understanding of the law in relation to the facts of the case part of the law in this case ultimately was that all the evidence as a result of the wire test was suppressed and I think this is distinguishable from the case where the uh where the defendant later brought up that uh he that his that he uh his confession was uh illegally obtained in in that situation the defendant knew that the confession was illegally obtained at the time that that he had that he went to um that he pled guilty. Davis I'm not I'm not sure I even understand your theory of sort of what he didn't understand uh that your brief at page six says since the conversations could not be used against him in any proceeding the guilty plea was not knowing involuntary on what ground what would we conclude that they could not be used against him because and that is the the main issue here that it could not be used against him because we are arguing that he was a target and as a target um the evidence could not be used against him according to uh 25 10 uh subsection 11 an agreed person is a person against whom the interception was directed and directed the some cases have held that directed means a target mr uh mr scurry was named as a target he was named as a potential um person whose calls would be would be would be heard and when you say some cases have held that directed means a target I'm not aware of any case that has held that an individual who was neither the possessor or owner or user of the phone nor was one of the conversants on the phone but just mentioned as someone about whom the government was seeking evidence has ever successfully uh had their standing recognized to suppress wiretap evidence but any case that has so held district court court appeals right but at the same time as I noted in my brief at page 9 and 10 circuits have um can have considered the target theory and and um olivia the court determined the defendant had standing because the affidavits uh included the investigators uh certifying their belief that the defendant um cell phone was at issue yeah the defendant's cell phone was at issue and that's not the case here right well right but he was but mr scurry was listed in some of the uh the wiretap um applications as someone who was uh whose whose conversations maybe uh maybe picked up and he was also he was listed as a target in the investigation but in fact none of his is it is it accurate that none of his conversations were in fact picked up conversations of his were picked up from on his own wiretap i'm talking about correct yeah correct they were not and that that is the point that um the whole point of our argument the whole premise is that uh he is still an aggrieved person because directed at if you look at the language uh of the statute directed at has to mean something and and i know the government cited uh quotation from jones but i at the rack has basically said that the language from jones uh against one who's against whom the search was directed they basically said that you know to the extent that language may be read more broadly it is dictum my argument is that when congress did the statute when they wrote this statute they did not put in extra words it's not dictum directed that has to mean something and if you look at the common definitions of directed you see that it's a target and mr scurry was a target and i think it's that as a statute makes him an aggrieved person because directed at has to has to mean something it's not just put in there for no reason it means something and directed at as i know in my brief that directed at if you look at the you know the definitions of directed at and target they're synonymous and that's our argument the the and known to council at that time and indeed there was a condition on the plea that defendants would be including mr scurry would have an opportunity to withdraw if uh if they they had they maintained an opportunity to appeal the suppression issue and if they prevailed would have an opportunity to withdraw which as you know happened to the other co-defendants so it's a council problem not a court problem or or is it that um in this situation the choice made by mr scurry was to enter the plea with this condition not a broader condition that would have allowed him to withdraw if the other defendants wiretaps were suppressed i i think the condition in mr scurry's plea was that he could um appeal i i did not do his direct appeal um but my i understand the plea stage yeah i did i did and my understanding looking back is that the condition was that he could appeal the uh the district court's decision on his motion to suppress when i first read it i thought it was actually ambiguous on the point it says defendant may enter a conditional guilty plea reserving his right to appeal the court's order of august 2012 denying defendants plural motions plural to suppress the wiretap evidence but then it says specifically documents confusingly it says documents plural 59 in this his motion i believe um only mr scurry's motion so i think you're right that the better reading is that he only reserved the right in the event that his own motion did not include these grounds was granted but what i'm saying is if you think that mr scurry had standing to suppress evidence resulting from the wiretaps of his co-defendants then why didn't you counsel him to require that his condition in the plea so reflect and why didn't counsel in moving to suppress move on mr scurry's behalf to suppress the evidence coming from the other taps i believe at the time that when mr scurry entered his plea that was on the day of trial and the government was quite quite strict on what they would allow uh the plea to be conditioned upon i i know that mr scurry's the amount of drugs that he was um that he pled guilty to i believe it was higher than the other some of the other defendants in the case who pled earlier on so there was uh the government was not inclined to give mr scurry a whole lot of benefit uh by for his plea the amount of drugs that you're referencing was the amount from the full conspiracy not his individual sales that's correct yes and i have just a procedural question for you and that is um i think this whole thing started post appeal when mr scurry filed a you could supplement and i guess that's and then you created the 2255 is that how that happened that is how it happened yes because as you know uh your honor knows ecf i was getting notifications of what mr scurry was filing and what uh the government was filing in response and at that point in time uh after discussions with mr scurry it was determined that filing a 2255 was the route so you you you saw what mr scurry had done and so you approached him excuse me your honor you saw what he had filed on your ecf and that caused you to approach yes yes you had been um removed from his case his direct appeal because of a conflict of interest that's why you didn't handle the director appeal he moved he moved the district court to have you withdrawn his counsel because he was going to allege that you had been ineffective with respect to the plea and so you were withdrawn on the direct appeal correct i'm you know your honor i i will believe you i i don't recall i i know dennis hart took over the appeal yeah that was the reason a conflict of interest a sort of conflict of interest did you discuss that conflict of interest with him when you went to assist him with his 2255 petition yes yes your a conversations do you have a written waiver of the conflict of interest uh no i do not i may actually make an informed waiver of the conflict of interest well your honor mr mr scurry never raised ineffective assistance of counsel that's not my question my question is you were aware that you he had said he wanted to make an rendered ineffective assistance of counsel with respect to the plea and then now you were coming in on your own initiative as you just said to assist his 2255 and you as counsel of course are responsible he's not you're responsible for obtaining a waiver well your honor i will say that when mr scurry entered his plea and was sentenced i do not recall even now what the reason was that um yeah i i don't have a filing you'll have to trust me on that i have his filing it was conflict of interest okay i i believe you but at the time when i so it sounds like in fact then because time had elapsed and you didn't recall all these events that there we don't have a written waiver of this conflict of interest for mr scurry before you came into the 2255 motion that's correct but if your court would like me to obtain one from mr scurry i don't think after the fact is going to be appropriate well then mr scurry of course can uh request to violate a successive 2255 based on that well those are really hard things to do the question is the question is you know the difficulty is that the nature of the court has explained and as my colleagues have explained can't really be raised as a voluntariness as the way you've teed it up the way the claim you've presented here is supposed to be raised in a 2255 petition is through an ineffective assistance of counsel claim well i think or it says directly in mcmahon right and i think that mcmahon is you didn't raise it effective assistance of counsel claim excuse me you didn't raise it as an ineffective assistance of counsel claim as the supreme court has said the type of argument you made should be packaged because you would have had to argue your own ineffectiveness well that's true had i been aware like a bit of a conflict of interest it may be but um as i said maybe a conflict of interest okay i but i mean i don't think that there was a conflict of interest because in all of my conversations and emails with mr scurry uh we discussed all different aspects of the 2255 and i'm not going to represent to the court some uh falsehood uh mr scurry never once uh suggested nor did um that he wanted to raise ineffective and your and your understanding of the rules of ethics do you as an attorney informed about the rules of ethics a member of the bar an the court have an obligation when you have previously when the defendant has previously said he wishes to raise an ineffective assistance of counsel claim and then wishes to raise a claim on 2255 about his plea that according to the supreme court can only be presented as an ineffective assistance of counsel claim and you are the plea counsel is your position that you had no obligation on your own to raise that conflict with him discuss it and obtain a formal written waiver as i as i as i said i had many discussions with mr scurry that's not the question i asked well i did well i believe your honor i thought your honor asked me did i discuss it with him no i'm asking whether your obligation to raise that specific conflict say the claim you want to present under supreme court precedent needs to be presented as an ineffective assistance of counsel claim that would require me to argue against my own performance at the district court stage well your honor i was that one of the conversations you had with him i said what the supreme court law was no i did not discuss that with him but i would note that mcmahon is is distinguishable from the situation and mcmahon it was the law was clear at the time of the plea the law was clear that um the the law the law was clear that the whatever what the defendant was complaining about i believe it was a coerced confession that was known at the time of the plea and i and i and i think you know look at uh and so mcmahon said that if the defendant thought his confession was involuntary and not usable against him at trial it is unlikely he would have pled guilty and later the court wrote surely allegations that the confession rendered his plea involuntary would appear incredible and so it was they at that point the defendant knew when he pled guilty that there was an illegal confession that could be or could not be used against i think we have your argument on the merits there okay do my colleagues have any further questions no thanks okay all right we'll hear from the government now good morning and may it please the court dan lenners for the united states um the defendant's attack on the annoying voluntary nature of his guilty plea is foreclosed by a long line of supreme court precedent that makes clear that a guilty plea represents a break in the chain of events that preceded it that renders any prior constitutional or here statutory violations irrelevant because the defendant has solemnly sworn under oath that he is factually guilty of the offense you would agree though that it could be i'm sure you would dispute the merits of the claim to be clear but this type of claim under existing precedent could could have been pressed had it been pressed as an ineffective assistant with the counsel claim yes your honor that's what mcmahon and tall and its progeny make clear is that uh there are two ways in which such an attack could be made one is as a rule 11 violation which the defendant has never alleged here and the others through ineffective assistance of counsel yep okay um i'm happy to talk about target standing i don't think the court need reach that issue here can i clarify one thing i just wanted to confirm with with both parties it seemed to me from the briefing and everything in the case but i just wanted to confirm for the record that like mrs davis you agree that his voice didn't show up on any of these wiretaps even in momentary or fleeting the other four wiretaps of the other four defendants so your honor i can't speak to the true facts of the wiretaps i i haven't listened to them they occurred 10 years ago he has never alleged that any of his conversations were intercepted on the hudson wiretaps which were the ones that said that they expected that he was a potential interceptee yeah did his trial counsel have access to hear every all i just don't know the way these proceedings were going were they ever turned over to him in a timely fashion so his counsel could have listened to them all to determine if he was actually on any of these i assume that all of the wiretaps were turned over to counsel well in advance miss davis represented that scurry pled guilty the day of trial certainly all of the wiretaps would have turned over by then so that you know when in the process i'm i was not a criminal trial lawyer um do you know when in the process are they usually turned over well in advance of trial i i don't know i i assume so i they are there's substantive evidence that would be turned over so that the defendants can make an appropriate motion to suppress um so i i all of this is an assumption your honor i haven't his motion to suppress he did move to express his own wiretaps but we don't know we don't know if he'd had access to the other four defendants or not at the time of his filing of a motion to suppress or anyway or if everybody just got their own wire taps we don't know that your honor the defendants did move to join each other's motions uh-huh and the district court in denying the motions to suppress the wiretaps did have a section on standing in which it ruled um basically in the government's favor and said that the defendants only had standing to challenge a wiretap in that was on their phone or where one of their conversations was intercepted no i understand that that's i understand your argument on that front um that's exactly my question i'm asking the factual question that's the predicate for that legal argument and that is does anybody actually know if he his voice showed up on any of the i'm going to call the four the force that they weren't all suppressed i know two were and then the government conceded at least as to the third we'll call it the four defendant wiretaps so nobody i mean i'll have to ask counsel again on on rebuttal but um there's any the government doesn't know at at this point um whether he had access to all of the wiretaps of all four co-defendants sitting here today i don't know that your honor thank you i appreciate it if the um rule district court had ruled the way our court rules if it had in the first instance granted the suppression for the lack of the appropriate signature with respect to the four um i don't know if i know you're an appellate lawyer but you have a sense of the logistics of how the government would have proceeded against mr scurry on for example conspiracy charges how do they get those what how or do they get those wiretaps in i mean just would they be hearsay typically they're being introduced against the defendant party well so to the degree that they were statements by a co-conspirator made in furtherance of the conspiracy the government could introduce them under that hearsay exception as substantive evidence only if you had independent evidence of the conspiracy independent of the wiretaps under our circuit precedent correct but you know there was ample evidence of scurry's involvement in a conspiracy from his own the wiretap on his own phone which was not suppressed which is the descriptions descriptions in your brief were just about him selling to his clients are there other i didn't see descriptions in your brief um of evidence of conspiracy and certainly not again from your brief now maybe there's more there i saw nothing to support the money laundering charge on his way so as i recall your honor from the wiretap uh conversations as well as the government's description of the case and its notice of intrinsic evidence it was through the wiretap on scurry's phone that the government um learned that he was working with i believe it was robinson one of the charged co-conspirators as a street level dealer at the um second court location and the robinson wasn't the one of the parties to the threat case was it am i misremembering the names but i thought it was um it was different i thought it was all right let me get there it was hudson and johnson and savoy and brown there was no robinson were those the other four on on whose phone there was a wiretap but robinson was a co-conspirator your honor so um and the government's supplemental he was in this case i haven't seen reference to him in this case i i'm sorry that's just my that's my there's an individual named nathan robinson who was charged as one of the six defendants okay um the government's notice of an extrinsic evidence which is uh in our supplemental appendix talks about how scurry redistributed crack in this second court area that robinson also did that and that those two would work together but that wouldn't be a basis for getting in wiretaps and for different people well that would establish a your honor asked about independently robinson it would be evidence i want to say established it would be evidence of a conspiracy with robinson that doesn't connect them to hudson johnson scurry um or sorry i keep forgetting the other one um brown but but the i think the point of investigating hudson was to figure out who scurry was obtaining his crack from and so that would have been additional evidence of this larger conspiracy that allowed the government to work up the chain um but but regardless the you know as we pointed out in our brief the government had ample evidence of scurry's own distribution of more than 200 yes you outlined that pretty thoroughly in your brief but that's not conspiracy and that's not money laundering which were the two charges to which he pledged so the money laundering i just having reviewed the plea agreement briefly involved him using his crack proceeds to buy a car and other things which wouldn't have depended on wiretap evidence at all and the um as i said the conspiracy charge started with him and robinson working together and the notice of extrinsic evidence expressly states that and so that would be a conspiracy as would you know the typical chain narcotics conspiracy which is you conspire with the people above you in the chain even if you don't know who they are because you know that the drugs that you're selling must be coming from so the so the four wiretaps that were suppressed as to their um as the people who were in possession of the phones would have come in to a case a scurry case as statements by co-conspirators and the conspiracy the threshold conspiracy evidence that would open the door to that is evidence from mr scurry's wiretap that he was working together with robinson and that's that becomes evidence of a conspiracy and then unnamed people up the chain here otherwise hearsay evidence among and between them comes in based on that predicate i believe the scurry wiretap established that he was obtaining crack from hudson which is why the government was able to get a wiretap on hudson's phone he was the first person after scurry so the government was moving up the line and i i you know your honor you the court's asking a lot of questions that i'm not really prepared to answer because the disposition of this case seems so clear but i believe it's sufficient evidence of his distributor or his supplier for the government to then move up to hudson and that was the sub and that was one of the flawed wiretaps which is what rendered everything thereafter problematic but that this was the government's attempt to work its way up to the highest level supplier and so i i believe that there was likely sufficient evidence of scurry in a larger conspiracy from his own phone which is what established the connection with hudson which is what allowed the government to get the wiretap on hudson and that evidence would be have been put forth in the affidavit in support of a of a search warrant for hudson's phone which is in the in the defendant's appendix right that's really helpful all right the court has no further questions we'd ask that the judgment of the district court be affirmed you have any more questions thank you very much mr leonards all right miss davis you didn't have any time left but we'll give you a minute and i would like i'm sorry two minutes i apologize thank you before you start i would like you to um answer this this question for me um can you advise me as to whether you um as plea counsel um had access to and listened to all of the wiretaps from the other four defendants and you heard when you told me you didn't recall his him being on those that you can tell me that he was not on those or it's something that's really not known your honor i was not appointed counsel in this case christopher davis was the reason i ended up doing the plea on that particular day is because mr davis was in another trial i believe and he came in later later that day um and i believe mr davis did the sentencing so it would mr davis who listened to everything i'm quite i'm certain though that he would i believe i i your honor i can't say but everything was given yeah if everything was given to um to each council can you can you tell me whether hudson's name whether there was evidence on the wiretaps of mr scurry's phone uh evidencing that he obtained drugs from mr hudson yes yes because that is how um from mr scurry's wiretaps that's how they were able to get uh the uh what was the you know what it was i your honor i don't i don't know your honor i i wouldn't know make a couple of corrections uh here is that um that this um scurry one uh suppressed only uh the did not go to the other defendants when the case was sent back down to the district court the government made the choice to uh dismiss the cases against all of the um defendants other than mr scurry uh so i i would note that that that is one correction to the record here and the other point i would like to make is that um if there was other evidence of a conspiracy as the government states then they wouldn't have dismissed the cases against all the defendants the wiretaps were the evidence and so there's nothing else and my final point is that um this this issue could not have been raised in the terms of ineffective assistance of council because that um that is what happened in in glover and the the point uh the issue was not decided my colleagues have any further questions all right thank you the case is submitted
judges: Millett, Pillard, Katsas